IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS BOWLEN,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**COLOPLAST A/S.**, **COLOPLAST** )<br>**MANUFACTURING, US, LLC**, )<br>**COLOPLAST CORPORATION**, and )<br>**COLOPLAST INTERNATIONAL, LLC**, )<br>)<br>Defendants. ) | 2:17cv1372<br>**Electronic Filing** |

# **MEMORANDUM ORDER**

AND NOW, this 23rd day of September, 2019, upon due consideration of defendants' motion for (1) partial reconsideration of this Court's September 18, 2018, Order granting in part and denying in part defendants' motion to dismiss, or in the alternative (2) certification of an interlocutory appeal pursuant to Rule 54(b) and the parties' submissions in conjunction therewith, IT IS ORDERED that [33] the motion be, and the same hereby is, denied.

Defendants' efforts to establish a viable basis for reconsideration fall well short of the mark. The basic purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." U.S. ex rel. Schumann v. Astrazeneca Pharmaceuticals L.P., 769 F.3d 837, 848 (3d Cir. 2014) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). To move forward on a motion for reconsideration the moving party must demonstrate at least one of the following: (1) an intervening change in controlling law; (2) the availability of new evidence that previously was not available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id. at 848-49.

Defendants' instant motion is based on the third ground – the purported need "to correct a clear error of law or fact or to prevent manifest injustice." Their principal contention is that this

Court applied the wrong pleading standard in ruling that plaintiff's complaint set forth parallel claims for manufacturing defect, negligence and express warranty that survived defendants' motion to dismiss. But the record does not contain any grounds to support such an error or otherwise support the relief defendants seek.

Defendants' attempts to identify a clear error or manifest injustice are flawed on numerous fundamental levels. First, defendants seek to revisit an area that already was raised through their motion to dismiss. That motion was predicated on the theory that all of plaintiff's claims were preempted under the MDA. Of course, a corollary to that position necessarily has to be that the complaint did not contain parallel state claims that would survive defendants' challenge based on complete preemption. And any assessment of whether the complaint contained such parallel claims necessarily would entail a determination of whether it made a plausible showing of entitlement to relief pursuant to those theories of recovery. In fact, the sum and substance of plaintiff's opposition to defendants' motion to dismiss was that such claims had been pled and adequately stated. In reply, defendants chose to advance their position of complete preemption and not concede that the complaint might contain parallel claims. They highlighted the purported deficiency of the adequacy of the averments in lockstep with that position. In doing so, they elected to chart a course that now forecloses the ability to proceed on other grounds as to why the averments of the complaint should not be construed as setting forth such claims.

In light of this backdrop, giving credence to defendants' current position that the complaint fails to set forth sufficient factual matter to make a plausible showing of such parallel claims would be sanctioning the relitigation of matters already considered and decided. Whatever else might be said, it is beyond reproach that a motion for reconsideration is not to be used for such a purpose. See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir.

1995) (rejecting a litigant's appeal of an adverse ruling on a motion for reconsideration as "a classic attempt at a 'second bite at the apple'" where the litigant "failed in its first effort to persuade the [district] court to dismiss" on certain grounds and then "simply changed theories and tried again"); Nyamekye v. Mitsubishi Electric Power Products, Inc., 2018 WL 3933504, *3 (W.D. Pa. 2018) (a motion for reconsideration "is not to be used to relitigate or 'rehash' issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made"); Dodge v. Susquehanna University, 796 F. Supp. 829, 830 (M.D. Pa. 1992) (a motion for reconsideration "is not to be used as a means 'to reargue matters already argued and disposed of' by prior rulings 'or to put forward additional arguments which [the movant] could have made but neglected to make before judgment'"); Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990) (a motion for reconsideration "should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided").

Second, the pleading standards under Twombly and Iqbal do not clothe defendants in the suit of armor they seek to fabricate. The notion that the court applied an erroneous pleading standard is self-serving sophistry. At its foundation, pleading under Rule 8 remains one of notice pleading. In this regard a complaint is required only to contain sufficient factual matter "to raise the right to relief above the speculative level" and "state a claim that is plausible on its face." Twombly, 550 U.S. at 555. Facial plausibility is to be recognized "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In resolving defendants' motion to dismiss, the court did nothing more than apply this standard in the context of the claims plaintiff sought to advance and the challenges defendants raised in their responsive pleading. In advancing the instant motion for reconsideration

defendants fail to acknowledge in any meaningful way the thirty sentences of fact that were recounted in the court's disposition of their motion to dismiss. It was these facts and the inferences reasonably drawn therefrom which provided the backdrop for the court's application of the notice pleading standards under Rule 8.

Importantly, a plaintiff is not required at the pleading stage to identify facts to show each and every element of a claim. The applicable federal pleading standards require a party to set forth a plausible showing of entitlement to relief pursuant to a cognizable theory of recovery. See Fowler v. UPMC Shadyside, 578 F.3d 203, 212-213 (3d Cir. 2009) ("It is axiomatic that the standards for dismissing claims under Federal Rule of Civil Procedure 12(b)(6) and granting judgment under either Federal Rule of Civil Procedure 50 or Federal Rule of Civil Procedure 56 are vastly different."). They do not require a plaintiff to meet a quantum of proof. Id. A plaintiff meets the pleading standards by advancing factual allegations that present a plausible showing that each element of the claim is or can reasonably be expected to be satisfied. Phillips, 515 F.3d at 235; see also Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("'The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting Phillips, 515 F.3d at 235) (citations omitted). In other words, this standard does not require the plaintiff to identify every fact that will be needed to prevail on the applicable legal theory. Connelly v. Lane Construction Corp., 809 F.3d 780, 789 (3d Cir. 2016). It is enough for the plaintiff to aver facts that raise a reasonable expectation that discovery will reveal evidence to support the necessary elements of the claim. Id. And in doing so, the plaintiff may rely on statements of historical fact even if they appear to be "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Id. (citing Iqbal, 556 U.S. 681).

4

It was this standard that governed the court's analysis of whether plaintiff's complaint contained adequately pled parallel claims that survived defendants' complete preemption attack. And defendants' fixation on what it now perceives as the details that will be needed to prove each of those claims seeks to erect an overly demanding and unacceptable form of notice pleading. Cf. Twombly, 550 U.S. at 563 ("Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."); Phillis, 515 F.3d at 231 (a plausible showing of entitlement to relief must be permitted to proceed even if it is "unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits"); Connelly, 809 F.3d at 792 (same). In other words, defendants' dissatisfaction with the court's application of a settled standard of review does not identify a clear error or form of injustice, let alone a manifest one.

Third, the authority the court utilized in assessing whether plaintiff could proceed with his parallel claims was far from being an outlier. As expressly acknowledged in the disposition of defendants' motion to dismiss, the Third Circuit has yet to address directly the requisite degree of specificity with which a plaintiff must plead parallel claims. But in ruling that plaintiff's parallel claims were sufficiently pled, this Court applied the pleading standard in a manner that finds ample support in authorities in this and other jurisdictions. See, e.g., Bausch v. Stryker Corp., 630 F.3d 546, 558-61 (7th Cir. 2010), cert. denied, 565 U.S. 976 (2011) (holding that, where there was no applicable Rule 9-like requirement to plead with particularity and where prior to discovery the plaintiff lacked access to the information needed to plead with greater specificity, the plaintiff pled sufficiently given the information to which she had access); Bass v. Stryker Corp., 669 F.3d 501, 511 (5th Cir. 2012) (following Bausch in recognizing that "much of the product-specific information about manufacturing needed to investigate [a medical device claim] fully is kept confidential by federal law" and holding that the Twombly pleading

5

standards for stating a claim of negligence based on manufacturing defect had been satisfied in the face of a complete preemption challenge under the MDA); In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation, 623 F.3d 1200, 1209 (8th Cir. 2010) (Melloy, J., concurring) (recognizing that Twombly, which was not intended to create an "insurmountable hurdle," only requires a degree of specificity that is achievable without the use of unavailable confidential documents, and observing that: "If plaintiffs must allege that the defendant violated a particular FDA-approved specification before discovery, then it is difficult to appreciate how any plaintiff will ever be able to defeat a Rule 12(b)(6) motion."); Killen v. Stryker Spine, 2012 WL 4498865, *3 (W.D. Pa. Sept. 28, 2012) (recognizing that "it is disingenuous to [find a plausibly stated parallel claim exception exists] but foreclose a plaintiff any opportunity to prove the exception" and citing several cases supporting the proposition that a plaintiff's pleading burden should be "commensurate with the amount of information available to them"); Burgos v. Satiety, 2011 WL 1327684, *3 (E.D. N.Y. Apr. 5, 2011) (recognizing in evaluating a motion to dismiss that plaintiffs cannot reasonably be expected to plead parallel claims with the same level of factual specificity as they would be able to if they had access to the same information as defendants); Hofts v. Howmedica Osteonics Corp., 597 F.Supp 2d 830, 837-41 (S.D. Ind. 2009) (eschewing "an unusually stringent application of Twombly and Rule 8" at the motion to dismiss stage). In other words, persuasive decisions applying Twombly in this and other circuits support this court's application of the pleading standards to the matters presented.

It follows that this court's application of the pleading standard cannot be said to be a "clear error of law." And this is particularly so where the premise for such a determination is nothing more than the moving party's dissatisfaction with the application of that settled standard to a presented set of facts. See, e.g., Smith v. City of Chester,155 F.R.D. 95, 97 (E.D. Pa. 1994) (observing that courts in this jurisdiction recognize that "any litigant considering bringing a

motion to reconsider based upon [a clear error of law] should evaluate whether what may seem [to the litigant] to be [a] clear error of law is in fact simply a disagreement between the Court and the litigant"). For the same reasons, it likewise is clear that no "manifest injustice" has resulted from this court's partial denial of defendants' motion to dismiss. Cf. In re Energy Future Holdings Corp., 904 F.3d 298, 311 (3d Cir. 2018) (recognizing that there is substantial, if not complete, overlap between the "clear error of law or fact" and "manifest injustice" requirements).

It likewise follows that defendants' attempt to obtain interlocutory appeal is wide of the mark. As a general matter, an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is to be certified only in exceptional circumstances. Gardner v. Westinghouse Broadcasting Co., 559 F.2d 209, 212 (3d Cir. 1977) aff'd 437 U.S. 478 (1977). Federal law reflects a strong policy against piecemeal appeals and the certification process is appropriate only where an immediate appeal would avoid protracted and expensive litigation. Zygmuntowicz v. Hospital Investments, Inc., 828 F. Supp. 346, 353 (E.D. Pa. 1993). Moreover, interlocutory appeals generally are not granted from denials of motions to dismiss because doing so would encourage "piecemeal litigation." Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005).

The statutory requirements for interlocutory appeal were succinctly set forth in Katz v. Carte Blanche Corp., 496 F.2d 747 (3d Cir. 1974) (*en banc*): "The order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'" Id. at 754 (quoting 28 U.S.C. § 1292(b)). In order satisfy the purpose of § 1292(b), immediate material advancement of the ultimate termination of the litigation must be a likely result from resolution of a controlling question of law.

7

Defendants' instant motion seeks to perfect an appeal from a partial denial of a motion to dismiss. As explained above, the ruling did not present a controlling question of law and the state of the law presents something less than substantial grounds for difference of opinion on the issue of whether the level of notice pleading under Rule 8 correctly was applied to the matters presented. But even assuming these shortcomings could somehow be overlooked, an immediate appeal is not calculated to assure the primary purpose of § 1292(b) would be achieved, which is to expedite the ultimate termination of litigation.

In other words, defendants have not presented a situation that would avoid protracted and expensive litigation in the event of either a reversal or an affirmance. The dismissal of all of plaintiff's remaining claims might well result in the ultimate termination of the litigation. But highlighting and relying on only one of two or more possible outcomes is deficient. An affirmance of the ruling challenged here would neither terminate the litigation nor assure an established avenue for immediate resolution of the remaining claims. Consequently, defendants' motion falls short of advancing the primary purpose intended to be served by § 1292(b).

Defendants' motion fails to satisfy either the standards governing a motion for reconsideration or those needed to certify an order for interlocutory appeal pursuant to Rule 54(b). Accordingly, it properly has been denied.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: A. Michael Gianantonio, Esquire
Wendy West Feinstein, Esquire
Matthew H. Sepp, Esquire

(*Via CM/ECF Electronic Mail*)